FILED
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 2 1 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

RICARDO ELIE,

PLAINTIFF,

**COMPLAINT**

-AGAINST-

**CV 14    3171**

NEW YORK CITY, POLICE OFFICER MOLINA,
POLICE OFFICER JOHN DOE individually, and in their
capacity as members of the New York City Police
Department,

AMON, CH.J.

SCANLON, M.J.

DEFENDANTS.

-------------------------------------------------------------------- x

### PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Mr. Ricardo Elie ("Mr. Elie") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about July 21, 2013, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Eli to *inter alia* false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION**

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

**PARTIES**

6. Plaintiff, Mr. Elie, is a 26-year-old citizen of the United States and at all times here relevant resided at 949 Herkimer Street, Brooklyn, NY 11233.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Molina ("PO Molina") and Police Officer John Doe ("PO Doe "), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

**FACTUAL ALLEGATIONS**

10. Mr. Elie is a high school graduate and has an Associates Degree from Queens College.

11. On or about July 21, 2013, Mr. Elie was visiting his friend, who lives on Decatur Street, Brooklyn.

12. Mr. Elie left his friend's house at approximately 9:00 pm and began to walk home.

13. At the corner of Ralph Avenue and Bainbridge Street, Mr. Elie was approached by PO Molina and PO Doe.

14. PO Molina asked Mr. Elie in an aggressive manner, "What are you looking at?"

15. Mr. Elie told PO Molina that he was not looking at him and that he was just walking home.

16. PO Molina proceeded to push Mr. Elie in the chest.

17. PO Molina then asked Mr. Elie if he had any weapons.

18. Mr. Elie told PO Molina that he did not have any weapons and that he was just walking home.

19. PO Molina then threw Mr. Elie against a metal store gate.

20. PO Molina, without lawful justification or probable cause, arrested Mr. Elie.

21. Mr. Elie repeatedly asked PO Molina why he was being arrested.

22. PO Molina did not answer.

23. PO Molina then threw Mr. Elie against the metal gate multiple times while Mr. Elie was handcuffed.

24. PO Molina and PO Doe transported Mr. Elie to the 81st Precinct.

25. While Mr. Elie was in the police car he asked PO Molina to loosen his handcuffs as they were too tight and were causing Mr. Elie severe pain.

26. PO Molina refused to loosen the handcuffs.

27. At the Precinct Mr. Elie repeatedly asked PO Molina to loosen his handcuffs.

28. PO Molina refused Mr. Elie's requests.

29. PO Molina then searched Mr. Elie, including looking down Mr. Elie's underwear.

30. Mr. Elie was placed in a cell.

31. While in the cell, PO Molina apologized to Mr. Elie for hitting him and for arresting him.

32. PO Molina told Mr. Elie that this would never have happened if Mr. Elie had just listened to his instructions.

33. PO Molina then gave Mr. Elie a summons and released him.

34. On or about November 21, 2013, all charges against Mr. Elie were dismissed by the Court.

35. Mr. Elie continues to feel traumatized by the events of July 2013, and is wary and fearful when he sees police officers.

36. Mr. Elie takes efforts to avoid police officers when in public.

37. Mr. Elie suffered physical injuries as a result of this incident, including redness, swelling, bruising and pain to his chest, wrist and shoulder.

38. Mr. Elie received treatment for his injuries at Interfaith Medical Center in Brooklyn.

39. Mr. Elie suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

### FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

40. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

41. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

42. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

43. Defendants confined plaintiff.

44. Plaintiff was aware of, and did not consent to, his confinement.

45. The confinement was not privileged.

46. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

### (42 USC 1983 – Excessive Force)

47. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

48. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

49. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

50. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

51. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

52. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

53. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

54. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

55. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

56. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

57. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

58. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

59. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

60. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FIFTH CAUSE OF ACTION

(Failure to Intervene)

61. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

62. Defendant PO Molina arrested plaintiff without probable cause and used excessive force in effecting the arrest of plaintiff.

63. Defendant PO John Doe was aware, or should have been aware, that PO Molina did not have probable cause to arrest plaintiff and was using excessive force in effecting the arrest of plaintiff.

64. Defendant PO John Doe failed to intervene to prevent PO Molina from arresting plaintiff without probable cause and from using excessive force in effecting the arrest of plaintiff.

65. Defendant PO John Doe had sufficient time to intercede and had the capability to prevent PO Molina from arresting plaintiff without probable cause and from using excessive force in effecting the arrest of plaintiff.

66. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## JURY DEMAND

67. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:          New York, New York
                May 15, 2014

By:     _____
        Duncan Peterson (DP 7367)

        PetersonDelleCave LLP
        Attorney for Plaintiff
        233 Broadway, Suite 1800
        New York, NY 10279
        (212) 240-9075

8